**FILED**
OCT 30 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>v.<br><br>Eduardo David GOMEZ-Canalez,<br>Alejandro OCAMPO-Canchola,<br><br>Defendants. | Magistrate Docket No.<br>**17MJ4088**<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, USC 1324(a)(2)(B)(iii) Bringing In Illegal Aliens Without Presentation For Financial Gain |

The undersigned complainant being, duly sworn, states:

On or about October 27, 2017, within the Southern District of California, defendants Eduardo David GOMEZ-Canalez and Alejandro OCAMPO-Canchola, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that certain aliens, namely, Judith GABRIEL-Escobar, Alberto JIJON-Lorenzo, Reynaldo MELESIO-Matias and Luis VILLANUEVA-Melecio, had not received prior official authorization to come to, enter and reside in the United States, did bring or attempt to bring into the United States said aliens for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Jamie M. Kelly
Border Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE,
THIS 30th DAY OF October, 2017.

_____
MITCHELL D. DEMBIN
United States Magistrate Judge



**CONTINUATION OF COMPLAINT:**
Eduardo David GOMEZ-Canalez,
Alejandro OCAMPO-Canchola

**PROBABLE CAUSE STATEMENT**

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that Judith GABRIEL-Escobar, Alberto JIJON-Lorenzo, Reynaldo MELESIO-Matias, and Luis VILLANUEVA-Melecio, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On October 27, 2017, Supervisory Border Patrol Agent K. Charlemagne and Border Patrol Agent D. Chavez were conducting line watch duties in the Chula Vista Border Patrol Station's area of responsibility. At approximately 9:00 AM, San Diego Sector Communications broadcast a citizen report of ten individuals looking to surrender to Border Patrol Agents on Alta Road near the East Mesa Juvenile Detention Facility in Otay Mesa, California. Agent Charlemagne acknowledged the transmission and drove to the detention facility's parking lot. Approximately 300 yards southeast of the juvenile detention facility, Agent Charlemagne saw a single male individual, later identified as material witness Luis VILLANUEVA-Melecio, coming from behind a small bush waving his arms in Agent Charlemagne's direction. Agent Charlemagne exited his vehicle, approached VILLANUEVA, and identified himself as a Border Patrol agent. Agent Charlemagne notified agents in the area, who were also looking for the individuals, that he had located one individual. Agent Chavez responded to Agent's Charlemagne's location to assist him and noticed another individual, later identified as the defendant, Eduardo David GOMEZ-Canalez, laying on the ground under a bush approximately 40 yards away from Agent Charlemagne. This area is approximately two miles east of the Otay Mesa Port of Entry, California, and three miles north of the United States/Mexico International Boundary. While Agent Charlemagne was speaking with VILLANUEVA, Agent Chavez approached GOMEZ and identified himself as a Border Patrol agent.

Agent Charlemagne asked VILLANUEVA about the location of the other people. In a hushed voice, VILLANUEVA pointed behind him and said in Spanish "El Coyote alla, el sabe," which translated in English means"The smuggler is over there, he knows." When Agent Charlemagne looked in the direction where VILLANUEVA pointed, he saw GOMEZ sitting on the dirt as Agent Chavez talked to him. Agent Charlemagne conducted an immigration inspection of VILLANUEVA. VILLANUEVA stated he was from Mexico and did not have any immigration documents that would allow him to enter or remain in the United States legally. VILLANUEVA asked for water and stated that he was very thirsty. Agent Charlemagne asked him again about the location and the number of the individuals left behind and VILLANUEVA

CONTINUATION OF COMPLAINT:
Eduardo David GOMEZ-Canalez,
Alejandro OCAMPO-Canchola

responded there are approximately three or four other people. He also said he could not speak too loud as he did not want the smuggler to overhear him giving out information. VILLANUEVA stated he was going to pay $7,000 of smuggling fess to GOMEZ. Agent Charlemagne gave VILLANUEVA a bottle of water and secured him in the back seat of his vehicle. VILLANUEVA stated that he and the other people have been in the mountains for the past three days, and they are all very hungry and thirsty.

Agent Chavez asked GOMEZ about the location of the rest of the people. GOMEZ pointed back to the northeast and said they were on top of the mountain. Agent Chavez directed GOMEZ to walk towards Agent Charlemagne. Agent Charlemagne conducted an immigration inspection of GOMEZ. GOMEZ stated he was born in Mexico and that he did not have any immigration documents that would allow him to enter or remain in the United States legally. GOMEZ stated that there were four other people left behind. At approximately 9:15 AM, Agent Charlemagne placed both VILLANUEVA and GOMEZ under arrest. Agent Charlemagne noticed a heavy cloud of white smoke over the location where VILLANUEVA and GOMEZ said the other four individuals were left behind.

Agent Chavez searched for the remaining subjects. Agent Chavez followed VILLANUEVA's footprints back up the mountain until he encountered two individuals waving their hands above their heads in order to gain his attention. The two individuals, later identified as MATERIAL witness Alejandro OCAMPO-Canchola and Alberto JIJON-Lorenzo, were sitting under a large bush with a small brush fire burning approximately twenty yards to their north. Agent Chavez approached the individuals, identified himself as a Border Patrol agent and commanded them to come out of the bush. Agent Chavez observed a blue disposable BIC lighter in the bush where the two subjects were sitting. Agent Chavez questioned both subjects regarding the fire. JIJON stated that OCAMPO had started the fire and it had gotten out of control. Agent Chavez secured the blue BIC lighter as possible evidence of an arson case and asked both subjects if there were any other individuals in their group still up on the mountain. JIJON and OCAMPO both stated that there were two more individuals to the northwest of their location approximately one hundred yards on the other side of the fire. Agent Chavez informed other agents of the fire via agency radio and walked JIJON and OCAMPO to a safe location away from the fire.

Agent Chavez began to search for the other two individuals. Border Patrol Agent J. Crowder, who was operating a mobile scope system, was able to see the two individuals and directed Agent Chavez to their location via agency radio. Agent Chavez approached the individuals,

CONTINUATION OF COMPLAINT:
Eduardo David GOMEZ-Canalez,
Alejandro OCAMPO-Canchola

later identified as material witnesses, Judith GABRIEL-Escobar and Reynaldo MELESIO-Matias. Agent Chavez identified himself as a Border Patrol agent and guided them away from the fire to the location of the OCAMPO and JIJON. The fire had grown to approximately three to four acres in size at this time. This area is approximately four miles east of the Otay Mesa, California, Port of Entry, and two miles north of the United States/Mexico International Boundary. Agent Chavez conducted an immigration inspection of the four individuals. All four individuals, OCAMPO, GABRIEL, JIJON, and MELESIO, stated that they are citizens of Mexico without any documents that would allow them to enter or remain in the United States legally. Agent Chavez placed each individual, including OCAMPO, JIJON, MELESIO and GABRIEL, under arrest at 10:15 AM.

Material witnesses Judith GABRIEL-Escobar, Alberto JIJON-Lorenzo, Reynaldo MELESIO-Matias, and Luis VILLANUEVA-Melecio stated they are citizens of Mexico, illegally present in the United States, without any immigration documents which would allow them to enter or remain in the United States legally. All four material witnesses said they made their smuggling arrangements in Mexico. They stated they were going to pay between $5,200 to $6,500 USD to be smuggled into the United States. JIJON stated he would pay $1,000,000 Mexican Pesos which is approximately $5200 USD. MELESIO stated he made his smuggling arrangements with GOMEZ in Tijuana, Mexico. When presented with photographic lineups, all four material witnesses positively identified GOMEZ as their foot guide. JIJON, MELESIO, and VILLANUEVA identified OCAMPO as the second foot guide. JIJON and MELESIO identified OCAMPO as the person who started the fire. JIJON further stated that OCAMPO had ordered him to stay near him when he started the fire and this caused him to fear for his life. VILLANUEVA stated he overheard OCAMPO would start a fire to signal for help. All four material witnesses stated they had been in the wilderness for several days and had suffered from dehydration and fatigue due to lack of food and water. GABRIEL stated that she had resorted to drinking dirty brown water from a bottle she found during the trip and that some of the others in the group had resorted to drinking their own urine in order to stay hydrated. MELESIO said that when they ran out of water, they started to drink their own urine.

**CONTINUATION OF COMPLAINT:**
Eduardo David GOMEZ-Canalez,
Alejandro OCAMPO-Canchola

Executed on October 28, 2017 at 2:30 PM.

_____
Diana G. Ibarra
Border Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of four page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on October 27, 2017, in violation of 8 USC 1324(a)(2)(B)(iii).

_____       6:41 PM, Oct 28, 2017
MITCHELL D. DEMBIN                    Date/Time
U.S. Magistrate Judge